J-A04015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL EUGENE BOX | |
| Appellant | No. 132 MDA 2017 |

Appeal from the PCRA Order entered December 7, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0000965-1975

BEFORE:  STABILE, NICHOLS, AND RANSOM,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED MAY 31, 2018**

Appellant, Earl Eugene Box, appeals *pro se* from the December 7, 2016 order entered in the Court of Common Pleas of Dauphin County, granting appointed counsel's motion to withdraw and dismissing Appellant's seventh petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.[1]  Following review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court refers to the instant petition as Appellant's fifth PCRA petition.  From the record, it appears this is actually Appellant's seventh petition for collateral relief, with the appeal from denial of a fifth petition being dismissed by this Court in 2007 for failure to file a brief and the appeal from denial of a sixth petition being quashed as untimely in 2008.  **See** Docket Entries at pp. 12 and 14.

In this appeal, Appellant asks us to consider two issues:

I. Did the PCRA court err by dismissing Appellant's [PCRA] petition pursuant to counsel's "no merit" letter that failed to comport with appellate standards governing withdrawal of counsel's representation in a PCRA proceeding, and did the PCRA court err in not conducting an evidentiary hearing on Appella[nt]'s ex-wife's affidavit and Mr. Jamie Luquis' official response to Appella[nt]'s June 7, 2016 request, and did the PCRA court err in not issuing a Rule 907 notice, and should appointed counsel have filed a "no merit" letter without ever communicating with Appellant in regards to the additional issues Appellant wished counsel to raise in an amended petition, and did the PCRA court conduct an independent review of the ultimate merits of the issues on the timeliness requirements, and did PCRA counsel render ineffective assistance of counsel?

II. Whether the prosecution's "suppression" of Appellant's "whereabouts" in 1970 and its knowing use of Massey's false testimony and the Commonwealth improperly permitting Massey to do so denied Appellant a fair trial or due process by preventing Appe[]llant from impeaching Massey with the **Brady**[2] material that the Commonwealth intentionally suppressed, and whether the trial judge or the undisclosed **Brady** evidence prevented Appellant from impeach[i]ng Massey by showing bias or interest when it comes to who allegedly fired the shot in the ceiling at Abe's Tavern?

Appellant's Brief at 4-5.

In **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008), our

Supreme Court stated:

Our standard of review of the denial of PCRA relief is clear: we are "limited to determining whether the PCRA court's findings are supported by the record and without legal error."

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

> ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa. 2006). We note that a second or subsequent petition must present a strong prima facie showing that a miscarriage of justice may have occurred. ***Commonwealth v. Carpenter***, 555 Pa. 434, 725 A.2d 154, 160 (1999). Finally, the petition must be timely, as the Act's timeliness restrictions are jurisdictional in nature and are to be strictly construed. ***Commonwealth v. Abu–Jamal***, 596 Pa. 219, 941 A.2d 1263, 1267–68 (2008).

***Id.*** at 309.

On appeal from denial of Appellant's fourth PCRA petition, this Court noted that Appellant was convicted of second-degree murder and two counts of robbery following a jury trial in September of 1975. ***See Commonwealth v. Box***, No. 1919 MDA 2003, unpublished memorandum at 1 (Pa. Super. filed July 21, 2004). He was sentenced to life in prison for the murder conviction with consecutive sentences of ten to twenty years in prison for the robbery convictions. Our Supreme Court affirmed Appellant's judgment of sentence on October 27, 1978,[3] and Appellant did not seek review from the United States Supreme Court. ***Id.*** at 1-2. Therefore, his judgment of sentence was final on December 26, 1978, 60 days after his judgment of sentence was affirmed, and he had until December 26, 1979 to file a timely petition for collateral review. ***Id.*** at 6.[4]

_____

[3] ***Commonwealth v. Box***, 391 A.2d 1316 (Pa. 1978).

[4] Under U.S.Sup.Ct.R. 22(2) in effect at the time of Appellant's direct appeal, the time for seeking *certiorari* to the United States Supreme Court was 60 days. Rule 22(2) was subsequently renumbered as Rule 13, effective January 1, 1990, and now provides a 90-day period for seeking *certiorari*.

The instant appeal is an appeal from dismissal of Appellant's seventh petition for collateral relief. This petition was filed on March 28, 2016, more than thirty-seven years after his judgment of sentence became final. Therefore, the petition is patently untimely and we may not consider it unless Appellant has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Stokes*, 959 A.2d at 310 (consideration of *Brady* claim separate from consideration of its timeliness).

Appellant asserts that his current petition is saved from the PCRA's time bar based on after-discovered evidence consisting of an undisclosed prior conviction of a witness who testified at Appellant's 1975 trial.[5] Appellant

---

[5] As this Court stated in *Commonwealth v. Medina*, 92 A.3d 1210 (Pa. Super. 2014):

contends he was not aware until February 2016 that the witness, Donald Massey, a/k/a Donald Reinberry, had previously been convicted of obstructing an officer in the execution of process or in the performance of his duties. That evidence, he contends, could have been used to impeach Massey.

In his **Turner/Finley**[6] no-merit letter, appointed counsel explained:

> Upon review of the record, it is clear that [Appellant] wanted to impeach Donald Massey. During the trial, [Appellant] interrupted the direct examination of Mr. Massey in front of the jury and gave a colloquy in open court how [Appellant] thought Mr. Massey was lying. Also, trial counsel . . . impeached Donald Massey with his prior testimony in [Appellant's] case, prior testimony in [a related] trial and his prior statements to the Commonwealth. Further, Mr. Massey testified in open court that he plead guilty to the first-degree murder and various robberies. Mr. Massey received a life sentence for the murder plus a consecutive sentence of ten (10) to twenty (20) years for his involvement in the robberies. Mr. Massey testified that he

---

Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

**Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1272 (2007).

**Id.** at 1216.

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

negotiated a deal with the Commonwealth in which Mr. Massey would receive the aforementioned sentence but prevented the Commonwealth from seeking the death penalty against Mr. Massey.

[Appellant's] claim that Mr. Massey's prior criminal conviction for Obstruction [of] an Officer meets the timeliness exception is misplaced. This being [Appellant's seventh] PCRA petition, there is not a prima facie showing that [a] miscarriage of justice occurred. [Appellant] obtained Mr. Massey's criminal conviction because it is a public record. Further, [Appellant] and trial counsel knew the impeachment of Mr. Massey was vital to [Appellant's] case. [Appellant] cannot claim [he] exercised due diligence into Mr. Massey's criminal history thirty-one (31) years after his conviction and [six] PCRA petitions later.

Undersigned counsel has also reviewed this timeliness issue as a **Brady** violation. Again, [Appellant's] claim fails because [Appellant] could have obtained Mr. Massey's criminal history before or during trial or with due diligence in his previous . . . PCRA petitions. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), citing **Commonwealth v. Johnson**, 863 A.2d 423 (Pa. 2004).

No-Merit Memorandum, 11/22/16, at 5-6 (references to Notes of Trial Testimony omitted).

Appellant's contention that his untimely petition is saved by **Brady** is misplaced. As in **Stokes**,

Appellant's argument is essentially that a **Brady** claim operates to negate—wholly—the statutory timeliness requirements set forth in the PCRA. Appellant's reasoning would permit a PCRA petition to be filed *at any time,* as long as the claim is couched in terms of a **Brady** violation. But this Court has explicitly held otherwise. **See Abu–Jamal**, *supra* at 1268 (concluding that not only must a petitioner assert that "the facts upon which the **Brady** claim is predicated were not previously known to the petitioner," but also that they "could not have been ascertained through due diligence"). **See also Hawkins**, *supra* at 1253 ("Although a **Brady** violation *may* fall within the governmental interference exception, the petitioner must plead and prove that the failure to

previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence.")

***Stokes***, 959 A.2d at 311 (citation omitted) (emphasis in original).

As reflected in appointed counsel's analysis quoted above, and confirmed by our review of the record as well as statutory and case law, Appellant has failed to establish an exception to the PCRA's time bar. Further, Appellant has not presented a strong prima facie showing that a miscarriage of justice may have occurred. Therefore, we affirm the December 6, 2016 order granting counsel's motion to withdraw and dismissing Appellant's seventh petition for collateral relief. We—like the PCRA court—do not have jurisdiction to entertain the merits, if any, of Appellant's issues, and we shall not consider them.[7]

Order affirmed. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/31/18

---

[7] We note that Appellant contends the PCRA court erred in dismissing his petition without providing a notice of intent to do so under of Pa.R.Crim.P. 907. However, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citations omitted).